# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 2, 2014

## STATE OF TENNESSEE v. ALEXA WILLIAMS
## aka ELIZABETH WILLIAMS EL

### Appeal from the Circuit Court for Carroll County
### No. 14CR77     Donald Parish, Judge

### No. W2014-01457-CCA-R3-CD  - Filed January 20, 2015

The defendant, Alexa Williams, also known as Elizabeth Williams El, timely appeals pro se her Carroll County Circuit Court jury convictions of one count each of driving a motor vehicle while the privilege to drive was suspended, driving an unregistered automobile, and operating a motor vehicle without evidence of financial responsibility. The defendant claims on appeal (1) that "the trial court erred by issuing an in personam judgment without personal jurisdiction over the blood and flesh woman" and (2) that "the trial court erred in procuring a trial without evidence of a motor vehicle or traffic on the highway." Upon our review of the record and the briefs in this case, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3; Judgments of the Criminal Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and ROGER A. PAGE, JJ., joined.

Alexa Williams aka Elizabeth Williams El, Huntingdon, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Hansel McCadams, District Attorney General; and R. Adam Jowers, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, describing herself in her brief as a "woman on the land," essentially claims that the trial court erred in failing to grant her pretrial motion to dismiss the indictment, and she argues that the trial court failed "to place into the record a Driver's License signed by the licensee to validate the full legal name, date of birth and residency"

and that the court quashed her subpoena for an assistant district attorney general to "bring forth a Driver's License to validate the information in the complaint." In her brief, she maintains that she has not "waived [her] right for a privilege of possessing a license to be ordered by the trial court and to be prosecuted as a Driver pursuant to Tenn. Code Ann. [section] 55-50-102(17) without evidence of a Driver's License." The record shows that the trial court held hearings on her motion to dismiss and the State's motion to quash the subpoena of the assistant district attorney general. The defendant claims on appeal that the trial court erred by denying her pretrial motion to dismiss the indictment against her and that she should be "discharged for lack of personal jurisdiction over the blood and flesh woman."

Further, the defendant claims that the trial court erred by "procuring a trial without evidence of a motor vehicle or traffic on the highway." As best as we can comprehend the claim, the defendant posits that the trial court lacked jurisdiction over the subject matter of the case – a motor vehicle. She claims in her brief that the trial court failed "to show" that the "preferred vehicle was registered and classified by the Dept. as a motor vehicle."

The record on appeal indicates that the defendant was tried and convicted by a jury of the charges of driving a motor vehicle while her privilege to drive was suspended, driving an unregistered automobile, and operating a motor vehicle without evidence of financial responsibility. The defendant challenges neither the verdicts nor the evidence or procedure employed to obtain the convictions. No transcript of the trial appears in the record. The defendant appears to be asserting that the State failed to prove its case in the pretrial motions hearings.[1]

"A motion to dismiss under [Tennessee Rule of Criminal Procedure] 12 allows the trial court to decide issues that are ripe for resolution without a full trial on the merits. This preliminary procedure is designed to avoid 'unnecessary interruption and inefficiency' and it secures the right of the State to appeal without offending double jeopardy." *State v. Sherman*, 266 S.W.3d 395, 403 (Tenn. 2008) (quoting *State v. Goodman*, 90 S.W.3d 557, 561 (Tenn. 2002)). "Generally speaking," our supreme court has said, "pre-trial motions to dismiss that are 'capable of determination' involve questions of law, rather than fact." *Sherman*, 266 S.W.3d at 403. "When considering such a motion, however, the trial court

_____

[1]The record contains transcripts of these pretrial hearings, and we note that the transcripts reflect that, in open court, the State delivered to the defendant copies of "the actual affidavit that was signed by" the officer; a "blank ticket or the citation that was issued in this matter"; the officer's report; the "CAD report" emanating from the officer's calling in of the vehicle identification number and showing "who it was registered to . . . and who – and whether the tag was on file or not"; a report showing the officer's running the request "through dispatch" and "also showing the status of her driver's license"; and the "certified copy of the driving history."

may make some findings of fact, so long as it does not encroach upon the province of the jury." *Id.* (citing *United States v. Jones*, 542 F.2d 661, 665 (6th Cir. 1976)). Pretrial dismissal is not warranted when the State might establish other or additional facts at trial to contradict the facts claimed by the Rule 12 movant. *Id.* at 407.

In the present case, we hold that the trial court did not err by denying the motion to dismiss. The defendant presented nothing to indicate that the trial court lacked jurisdiction over the defendant, who obviously appeared before the court, or over the subject matter of the criminal case. We note that the indictment alleges the commission of criminal offenses and that the trial court is empowered to adjudicate criminal cases. *See* T.C.A. § 16-10-102.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE